**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| MARY HOLCOMBE, § § PLAINTIFF § § v. § § IBM Corp., IBM Plan, and Fidelity § Workplace Services § § DEFENDANTS. § § | Civil Action No. |

**PLAINTIFF'S COMPLAINT**

**COMPLAINT ¶1:**

Plaintiff brings this action pursuant to ERISA to secure all benefits to which Plaintiff is entitled under a group employee benefits plan sponsored by IBM Corp. (IBM), administered by the IBM Plan, and insured and administered by Fidelity Workplace Services ("Fidelity").

**PARTIES**

**COMPLAINT ¶2:**

Plaintiff is a citizen and resident of Tampa, FL.

**COMPLAINT ¶3:**

IBM is a properly organized business entity doing business in the State of Florida. IBM may be served with process by serving its registered agent.

**COMPLAINT ¶4:**

The plan at issue in the case at bar was sponsored by IBM, administered by the IBM Plan, and insured and administered by Fidelity. The IBM Plan may be served with process by serving its registered agent.

**COMPLAINT ¶5:**

Fidelity is a business entity doing business in the Middle District of Florida. Fidelity may be served with process by serving its registered agent.

**JURISDICTION AND VENUE**

### COMPLAINT ¶6:

Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

### COMPLAINT ¶7:

Venue in the Middle District of Florida is proper by virtue of Defendants doing business in the Middle District of Florida.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

### COMPLAINT ¶8:

At all times relevant to this action, Plaintiff has been a covered beneficiary under a employee welfare group benefits plan sponsored by IBM. Plaintiff was eligible to participate in the IBM Future Health Account (FHA) benefits group plan (the "Plan) because of Plaintiff's employment with IBM.

### COMPLAINT ¶9:

IBM, Fidelity and the IBM Plan administered the Plan.

### COMPLAINT ¶10:

Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

### COMPLAINT ¶11:

Plaintiff became employed with IBM on July 5, 1984.

### COMPLAINT ¶12:

Plaintiff was briefly outsourced to AT&T effective May 1, 1999.

### COMPLAINT ¶13:

Plaintiff returned to working directly for IBM as part of an acquisition in June 2003, when she began her Future Health Account (FHA).

### COMPLAINT ¶14:

The FHA Plan included the following terms:

"If you left IBM before July 1, 1999 and return on or before December 31, 2003, you'll begin credits to a Future Health Account once you become eligible. Your previous periods of service will count toward the one-year-of-service eligibility and the 15 years-of-service requirement for receiving benefits. "

### COMPLAINT ¶15:

On November 29, 2016, Plaintiff accepted a one (1) year bridge to retirement which ended October 31, 2017 due to reaching age 55 in October 2017. Retirement was effective on November 1, 2017.

Plaintiff received a separation package with documentation stating "The period of the retirement bridge will count as service credit towards eligibility for retiree medical benefits."

### COMPLAINT ¶16:

Plaintiff applied to access the benefits in her Future Health Account, which contains at least $29,000. On June 30, 2017, Office of the Plan Administrator for IBM denied her request.

### COMPLAINT ¶17:

Plaintiff appealed, and on August 10, 2017, H.N. Kaufman, IBM Plan Administrator denied her appeal.

### COMPLAINT ¶18:

Plaintiff appealed and on November 30, 2017, H.N. Kaufman, IBM Plan Administrator, denied her appeal.

### COMPLAINT ¶19:

On January 24, 2018, Plaintiff contacted the IBM Employee Service Center to request the administrative record and plan documents. IBM transferred Plaintiff to Fidelity, who did not provide her the requested documents.

### COMPLAINT ¶20:

On or about March 28, 2018, Plaintiff's counsel contacted the IBM Plan and requested "and pursuant to ERISA § 502(c)(1), we request a copy of all Plan documents, including the summary plan description (SPD), group contract, insurance certificate, amendments and riders. We also request a copy of the administrative record created in the course of her application and subsequent appeals." IBM responded that a notarized "request for release of records" must be signed by Plaintiff. On July 23, 2018 this was sent to IBM as requested.

### COMPLAINT ¶21:

On August 24, 2018, Fidelity provided Plaintiff's counsel with account statements for her 401K plan.

## IBM PLAN'S CONFLICT OF INTEREST

### COMPLAINT ¶22:

At all relevant times, the IBM Plan has been operating under an inherent and structural conflict of interest as the IBM Plan is liable for benefit payments due to Plaintiff and each payment depletes the IBM Plan's assets.

### COMPLAINT ¶23:

The IBM Plan's determination was influenced by its conflict of interest.

### COMPLAINT ¶24:

The IBM Plan has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

## I: IBM PLAN'S BREACH OF FIDUCIARY DUTY, ERISA 29 U.S.C. § 1132(a)(3)

### COMPLAINT ¶25:

Plaintiff incorporates those allegations in paragraphs 1 through 25 as though set forth at length herein

### COMPLAINT ¶26:

IBM operated as a plan administrator and was a plan fiduciary under ERISA.

### COMPLAINT ¶27:

IBM willful and deliberate actions to deny Plaintiff's claim for FHA benefits constitute a breach of fiduciary duty pursuant to ERISA.

## II: IBM PLAN'S WRONGFUL DENIAL OF BENEFITS, ERISA, 29 U.S.C. § 1132

### COMPLAINT ¶28:

Plaintiff incorporates those allegations in paragraphs 1 through 25 as though set forth at length herein

### COMPLAINT ¶29:

IBM Plan has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff was qualified for FHA benefits pursuant to the terms of the Plan;

b. IBM Plan failed to afford proper weight to the evidence in the administrative record showing that Plaintiff qualified for FHA benefits

    c.    IBM Plan's interpretation of the terms in the plan is contrary to the plain language of the plan, as it is incorrect, unreasonable, arbitrary, and capricious;

    d.    IBM Plan has violated its contractual obligation to furnish FHA benefits to Plaintiff.

**III.    DEFENDANTS VIOLATION OF ERISA 502(C), ERISA § 502(a)(1)(A).**

**COMPLAINT ¶30:**

ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) states, "The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

**COMPLAINT ¶31:**

Despite Plaintiff's multiple requests to the IBM Plan, IBM, and Fidelity, Defendants refused to provide her requested plan documents, and Plaintiff is entitled to $110 a day as penalty.

**WHEREFORE, Plaintiff demands judgment for the following:**

A.    **Grant Plaintiff declaratory relief, finding that he is entitled to all FHA benefits unpaid;**

B.    **Order Defendants to pay Plaintiff $110 a day for failing to provide plan documents she requested;**

C.    **Order Defendants to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and**

D.    **For such other relief as may be deemed just and proper by the Court.**

DATED:  2/26/19	Respectfully submitted,

 **/s/ C. Ryan Morgan**
C. Ryan Morgan, Esq.
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile:(407) 245-3401
Email:  RMorgan@forthepeople.com

Adian R. Miller, Esquire (*Pro Hac Vice forthcoming*)
GABN 794647
MORGAN & MORGAN, P.A.
191 Peachtree Street NE,
P.O. Box 57007
Atlanta, GA 30343
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: ARMiller@forthepeople.com

***Attorneys for Plaintiff***